**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States,<br><br>                Plaintiff,<br><br>v.<br><br>Ricardo Castro-Acosta,<br><br>                Defendant. | No.  CR 15-01226-PHX DGC<br><br><br>**ORDER** |

        Defendant Ricardo Castro-Acosta, who is charged with re-entry of a removed alien, has filed a "Motion to Change Judge, Prosecutor and Defense Attorney." Doc. 24. This order will address the motion for a change of judge.

        The motion asserts that the undersigned judge "has showed to he is bias against me Judge Campbell has showed a total disregard as to the law the plea agreement & fair sentence in my case." *Id.* The motion does not state the basis for this assertion, but it presumably arises from the fact that the Court rejected Defendant's plea agreement after concluding that it called for a clearly insufficient sentence. Docs. 20, 22.

        Two statutes address recusal of federal judges, 28 U.S.C. § 144 and 28 U.S.C. § 455. The standard for recusal under the statutes is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (internal citation omitted). "Ordinarily, the alleged bias must stem from an 'extrajudicial source,'" and judicial rulings by themselves do not constitute a valid basis

for recusal. *Id.* at 1454. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (internal citation omitted).

Defendant cites no extrajudicial source for his alleged bias. The Court rejected Defendant's plea agreement as requiring a clearly insufficient sentence because: (1) the agreement placed a binding eight-month cap on Defendant's sentence in this case; (2) Defendant has three prior re-entry convictions, one of which resulted in a 13-month sentence; (3) Defendant has been removed from the United States 13 times; and (4) Defendant has two serious theft offenses that resulted in sentences of 24 and 42 months. No reasonable person could conclude that the undersigned's rejection of the plea agreement under these circumstances shows a deep-seated favoritism or antagonism that would make fair judgment impossible, or that the undersigned's impartiality might reasonably be questioned. The Court afforded Defendant an opportunity to withdraw his guilty plea, and he elected to do so. The case will now proceed to trial.

**IT IS ORDERED** that Defendant's motion to recuse the undersigned judge (Doc. 24) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 1/27/2016.

Dated this 3rd day of February, 2016.

_____
David G. Campbell
United States District Judge